# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ) <br> JOHN TIMOTHY DONEGAN, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ANESTHESIA ASSOCIATES OF ) <br> KANSAS CITY, PC, ) <br> ) <br> **Defendant.** ) | No. 12-00876-CV-W-DGK |

## QUALIFIED PROTECTIVE ORDER

On April 4, 2014, Plaintiff John Timothy Donegan ("Relator") served a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on non-party Midwest Division – MMC, LLC d/b/a Menorah Medical Center ("Menorah") (incorrectly identified as Menorah Medical Center A/K/A Midwest Division – MMC, LLC in Plaintiff's subpoena). It is anticipated that Menorah will be required to disclose protected health information and confidential documents and materials in response. Relator respectfully requests entry of this proposed Qualified Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a Qualified Protective Order concerning disclosures made by Menorah. It is hereby Ordered that:

1. The parties and their attorneys are hereby authorized to exchange protected health information and confidential documents and materials in the possession, custody, or control of Menorah subject to the conditions outlined herein.

2. For purposes of this Qualified Protective Order, "protected health information" shall have the same scope and definition set forth in 45 C.F.R. § 160.103 and 45 C.F.R. § 164.501. Protected health information includes, but is not limited to, health information including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. For the purposes of this Qualified Protective Order, "confidential documents and materials" means information, including confidential and proprietary information about Menorah's businesses, practices, or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities that do not have a need to know. Documents or materials that concern, reflect, embody, or constitute the foregoing may include, but shall not be limited to, professional services agreements, correspondence, memoranda, notes, plans, policies, procedures, guidelines, contracts, tax records, trade secrets, employment files, physician credentials files, photographs, motion pictures, claims, videotapes, graphs, charts, financial and budget information, deposition or trial transcripts and exhibits thereto, and other internal documents.

4. Menorah, a "covered entity" as defined by 45 C.F.R. § 160.103, is hereby authorized to disclose protected health information in response to the subpoena issued to it in connection with the above-captioned litigation. Production will begin once this protective order has been requested.

5. Any party may redact or otherwise substitute neutral designations for protected health information to remove such information from a document, which may then be filed with the Court without having to be filed under seal, or be used at a deposition without having to treat

the document as protected health information or confidential materials. Alternately, Menorah may identify uniform fields to be redacted in a category of documents (for example redacting protected health information from medical records and payment histories) and file or use any document within that category that is redacted in the manner identified. The modified document may then be filed with the Court without having to be filed under seal, or be used at a deposition without having to treat the document as protected health information or confidential documents and materials.

6. The designation of confidential documents and materials may be made by the producing party or the original source of the documents by placing or affixing on the documents the words CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The designation of protected health information may be made by the producing party or the original source of the documents by placing or affixing on the documents the words CONFIDENTIAL – CONTAINS PHI.

7. Inadvertent failure to designate confidential documents and materials will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) business days after discovery of the inadvertent failure.

8. The parties and their attorneys shall be permitted to use or disclose protected health information and confidential documents and materials for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to (a) the parties to this litigation and the officers, directors, employees and agents of any party, (b) counsel of record and other counsel for the undersigned parties, and persons employed in such attorney's offices or other persons as reasonably necessary for the preparation for trial of this action, including any appeals therefrom, (c) any apparent author or recipient of the protected

health information or confidential documents and materials, (d) any person whom a party in good faith determines shall be a potential witness for a deposition or at trial, (e) consultants or experts, to the extent necessary for the purposes of this action, (f) court reporters in connection with testimony in this action, (g) the Court and court personnel, and (h) any other persons involved in the litigation process.

9. Prior to disclosing protected health information or confidential documents and materials to persons involved in this litigation, counsel shall inform the recipient that the protected health information or confidential documents and materials may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information or confidential documents and materials do not use or disclose such information for any purpose other than this litigation, including maintaining a record of all persons, including employees of counsel, who have reviewed or been given access to the documents. The attorney shall secure from each such person a written agreement in the letterform attached hereto, stating that such person has read the Qualified Protective Order and agrees to be bound by it. Such agreement shall be maintained in the possession of counsel for the party securing the agreement until further order of the Court or until the litigation of this matter has concluded.

10. Within 120 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information or confidential documents and materials received from counsel shall return the protected health information or confidential documents and materials to Menorah, or destroy any and all copies of protected health information or confidential documents and materials, with the exception that counsel are not required to secure the return or destruction of information submitted to the Court.

11. The inadvertent disclosure of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to information or documents protected under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving such information or document must return, sequester, or destroy it upon request to the producing party pursuant to Fed. R. Civ. P. 26(b)(5). Upon receiving such a request as to specific information or documents, the receiving party must return, sequester, or destroy the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an Order pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence.

12. Nothing in this Order shall be deemed to preclude Menorah from seeking and obtaining, on appropriate showing, additional protection concerning the confidentiality of documents or other discovery material beyond the scope of this Qualified Protective Order.

13. This Order authorizes any party to seek court authority to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if the parties seek to file protected health information or confidential documents and materials under seal.

**IT IS SO ORDERED.**

Date:  June 11, 2014                    /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

# ACKNOWLEDGMENT
# AND
# AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Qualified Protective Order dated _____, in the case captioned, *United States of America ex rel. John Timothy Donegan v. Anesthesia Associates of Kansas City, PC*, Case No. 12-00876-CV-W-DGK (W.D. Mo.), and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United State District Court for the Western District of Missouri in matters relating to this Qualified Protective Order and understands that the terms of the Qualified Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Qualified Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Qualified Protective Order.

The undersigned acknowledges that violation of the Qualified Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____

Date: _____

_____
Signature