IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., JOHN TIMOTHY DONEGAN, | ) ) ) | |
| Plaintiffs and Relator, | ) ) | |
| v. | ) ) | No. 4:12-CV-0876-DGK |
| ANESTHESIA ASSOCIATES OF KANSAS CITY, PC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER UNSEALING DOCUMENTS

This is a *qui tam* lawsuit in which Relator John Donegan claims Defendant Anesthesia Associates of Kansas City, P.C., ("AAKC") defrauded the United States by submitting false claims for reimbursement. Now pending is the Court's order (Doc. 250) directing the parties to explain why four documents filed under seal should not be unsealed, and AAKC's response (Doc. 262).

AAKC does not object to documents 172 and 247-5 being unsealed. However, it argues documents 177-2 and 243 should remain sealed because they contain "confidential and propriety" information. Resp. at 1. AAKC claims these documents contain "commercially sensitive" information that if disclosed would be "detrimental and harmful to AAKC's business and position in the marketplace." *Id.* AAKC also asserts that "consistent with the foregoing reasoning" documents 253 and 257 (filed after the Court issued its order), should also remain sealed, but AAKC does not make any specific arguments concerning these documents. *Id.* at 4.

The Eighth Circuit has recently re-affirmed that "[t]here is a common-law right of access to judicial records" in civil cases. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)

(citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Eighth Circuit noted that

> [t]his right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.' It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citations omitted). Thus, the question before the Court is, has AAKC demonstrated sufficient grounds to justify overriding the common-law presumption? *Id.* at 1223.

The Court holds AAKC has not. As a threshold matter, these documents do not contain competitively sensitive information. *See id.* at 1224. Document 172 is AAKC's employee "Code of Conduct." This document is best described as a four page list of maxims AAKC expects its employees to follow, and a page for employees to sign. The code instructs employees to do things like "demonstrate loyalty and commitment," "treat others fairly and equally," "be punctual," and "refrain from fighting and verbal or physical assault." While these are excellent prescriptions, they are not trade secrets or commercially sensitive information.

AAKC's argument that document 243 also contains sensitive information is equally unpersuasive. Document 243 is AAKC's brief and accompanying exhibits in support of its motion for summary judgment. AAKC argues that "internal and proprietary information is interwoven throughout AAKC's brief and exhibits," and that allowing a competitor to review this material, "some of which have taken AAKC decades to perfect, would again place AAKC at risk of losing its position in the marketplace." Resp. at 3.

The Court finds that although the brief and exhibits touch on sensitive topics generally, neither the brief nor the exhibits contain information that would harm AAKC if disclosed. For

example, the brief contains a section titled "AAKC's anesthesiology practice model and documentation practices." While it appears from the title that this section might contain some commercially sensitive information, it does not. It states that

> [d]uring the relevant time period, AAKC furnished anesthesiology services at Menorah Medical Center ("MMC") in Overland Park, Kansas, and interpreted the term "emergence" as it is used in the Seven Steps regulation consistent with the common medical definition of the term as it is understood within the anesthesia community. *See* Doc. 21, at ¶ 10. *See also* SOF, at ¶¶ 1-17, 29-31. There is nothing in the record before this Court to suggest that this interpretation is contrary to the Seven Steps regulation. AAKC documents its services on dual-sided, carbonless copy paper Anesthesia Services Records which were produced in discovery. Doc. 21, at ¶ 43. *See* SOF, at ¶¶ 18-20, 51. AAKC, however, also documents its services in other records which are maintained within the files of MMC. *See* SOF, at ¶¶ 18-20. Relator purposefully evaded discovery of the patients' medical records and instead relies entirely upon AAKC's incomplete records within its own files to assert liability. *See* SOF, at ¶¶ 18-20, 48-54. The absence of any certification within AAKC's copy of portions of a patient's medical record is inconclusive, however, because AAKC's anesthesiologists' services—including presence for emergence—were routinely documented within the paperwork maintained by MMC. *See* SOF, at ¶¶ 18-20. As a result, Relator failed to adduce the affirmative evidence necessary to defeat summary judgment.

Sugg. in Support (Doc. 243) at 14 (footnote omitted). The only thing a competitor could learn from this is that AAKC uses dual-sided, carbonless copy paper, which is not the sort of closely held information that would give a competitor an advantage.

Furthermore, the other half of the balancing test—the interest in "allowing citizens to evaluate the reasonableness and fairness of judicial proceedings"—weighs in favor of unsealing the documents. AAKC's brief and exhibits advance arguments for why the Court should grant summary judgment in AAKC's favor. If the Court grants the motion without unsealing the brief,

3

however, the public will have no idea what arguments the Court heard, or what evidence it considered, in making its ruling. This would substantially undermine the public's ability to make an informed judgment about whether the Court's decision was fair and reasonable. Such an outcome would be especially problematic here since this is a *qui tam* case which is ostensibly brought on behalf of taxpayers, a case in which the public naturally has a heightened interest.

Consequently, the Court holds that the potential harm in unsealing the documents is not outweighed by the public's interest in accessing the documents. *See IDT Corp.*, 709 F.3d at 1224. Accordingly, the Court orders documents 172, 177-2, 243, and 247-5 be unsealed.

Consistent with its ruling, the Court also orders AAKC to file a brief on or before February 20, 2015, explaining why documents 253 and 257 should not also be unsealed. If AAKC does not file this brief, the Court will simply order the documents be unsealed.

**IT IS SO ORDERED.**

Date:   February 13, 2014                    /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT