# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ) <br> JOHN TIMOTHY DONEGAN, ) <br> ) <br>     Plaintiff and Relator, ) <br> ) <br> v. ) <br> ) <br> ANESTHESIA ASSOCIATES OF ) <br> KANSAS CITY, PC, ) <br> ) <br>     Defendant. ) | No. 4:12-CV-0876-DGK |

## ORDER GRANTING IN PART MOTION TO SUBSTITUTE

This is a *qui tam* lawsuit in which Relator John Donegan ("Relator") claims Defendant Anesthesia Associates of Kansas City, P.C., ("Defendant") defrauded the United States by submitting false claims for reimbursement. Relator passed away on December 15, 2014. Now before the Court is a motion (Doc. 269) brought by his widow and Administrator of his Estate, Linda Donegan ("the Administrator"), to substitute the Estate of John Donegan as Relator under Federal Rule of Civil Procedure Rule 25(a).

Rule 25(a) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

Defendant opposes the motion in part, arguing that Relator's claims for statutory penalties under the False Claims Act ("FCA") and punitive damages under Kansas common law abated upon his death because these portions of the lawsuit are punitive, not compensatory, thus

under federal common law they cannot survive the Relator's death. In response, the Administrator concedes that Count IV's state-law retaliation claim has abated, but argues every other claim is still viable.

Defendant's argument is without merit. Substitution of a relator's estate upon the death of the relator is a routine and accepted method by which *qui tam* litigation proceeds. *United States v. ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677, 681 (allowing substitution, noting "the majority of courts that have considered the question . . . hold that *qui tam* actions brought under the FCA survive the death of the relator."). More importantly, the Eighth Circuit has clarified recently that the FCA—including its penalty provision—is remedial in nature. *United States v. Aleff*, 772 F.3d 508, 511 (8th Cir. 2014).

Accordingly, the Administrator's motion (Doc. 269) is GRANTED IN PART. The Estate of John Timothy Donegan is substituted for Relator John Timothy Donegan on all claims except Count IV, which is dismissed. The Court also recognizes the adoption of all actions related to this litigation (for example, responding to Defendant's motion for summary judgment, filing a motion for summary judgment, etc.) taken by the Administrator since Donegan's passing.

**IT IS SO ORDERED.**

Date:  May 14, 2015   /s/ Greg Kays
　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT